# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF FOUR EMAIL ACCOUNTS STORED AT PREMISES CONTROLLED BY GOOGLE, LLC PURSUANT TO 18 U.S.C. § 2703 FOR INVESTIGATION OF VIOLATIONS OF 18 U.S.C. §§ 201, 371, 1001, 1343, 1546, 1956, and 31 U.S.C. § 5324 | Case No. 21-mj-282-01/04-AJ<br><br>**Filed Under Seal** |

## FIRST APPLICATION FOR NONDISCLOSURE ORDER UNDER 18 U.S.C. § 2705(b) AND TO SEAL WARRANT AND RELATED DOCUMENTS

The United States of America, by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order placing the above-captioned search warrant and the application and affidavit in support thereof, and all attachments thereto and other related materials (collectively, the "Warrant") under seal, and precluding the provider from notifying any person of the Warrant under 18 U.S.C. § 2705(b). In regard to the nondisclosure, the proposed Order would direct Google, LLC ("PROVIDER"), an electronic communication service provider and/or a remote computing service provider located in 1600 Amphitheatre Parkway, Mountain View, CA 94043, not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence or content of the Warrant for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

## JURISDICTION

1. This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. §

2711(3)(A)(i). As discussed more fully below, acts or omissions in furtherance of the offenses under investigation occurred within the District of New Hampshire. *See* 18 U.S.C. § 3237.

## FACTUAL BACKGROUND

2. Execution of the Warrant is part of the Government's ongoing criminal investigation into possible violations of 18 U.S.C. § 201 (Bribery), § 371 (Conspiracy), § 1001 (False Statement), § 1028 (Fraudulent Production of Identification Document), § 1343 (Wire Fraud), § 1544 (Misuse of Passport), § 1546 (Visa Fraud), § 1956 (Money Laundering), and 31 U.S.C. § 5324 (Structuring). Specifically, this investigation concerns a U.S. servicemember who took bribes in exchange for authenticating fraudulent letters of recommendation in support of Afghan nationals applying for Special Immigrant Visas. The Warrant seeks information, including content, for a PROVIDER account linked to the foregoing U.S. servicemember and scheme.

## LEGAL BACKGROUND FOR NONDISCLOSURE

3. PROVIDER provides an "electronic communications service," as defined in 18 U.S.C. § 2510(15), and/or a "remote computing service," as defined in 18 U.S.C. § 2711(2). The Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701-2713, governs how PROVIDER may be compelled to supply communications and other records related to that service using a subpoena, court order, or search warrant. Specifically, Section 2703(c)(2) authorizes the Government to obtain certain basic "subscriber information" using a subpoena, Section 2703(d) allows the Government to obtain other "non-content" information using a court order, and Section 2703(a), (b)(1)(A), and (c) allows the Government to obtain contents of communications, as well as non-content information and records or other information about a subscriber or customer of such service, by means of a properly-issued search warrant. *See* 18 U.S.C. § 2703(a)-(c).

4. The government is not required to notify the customer or subscriber of the Warrant or information obtained pursuant to the Warrant. 18 U.S.C. § 2703(a), (b)(1), (c)(3).[1]

5. The SCA does not set forth any obligation for providers to notify subscribers about subpoenas, court orders, or search warrants under Section 2703. However, many have voluntarily adopted policies of notifying subscribers about such legal requests. Accordingly, when necessary, Section 2705(b) of the SCA enables the Government to obtain a court order to preclude such notification. In relevant part, Section 2705(b) provides as follows:

> (b) **Preclusion of notice to subject of governmental access**. — A governmental entity acting under section 2703 . . . may apply to a court for an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order. The court shall enter such an order if it determines that there is reason to believe that notification of the existence of the warrant, subpoena, or court order will result in—
>
> (1) endangering the life or physical safety of an individual;
>
> (2) flight from prosecution;
>
> (3) destruction of or tampering with evidence;
>
> (4) intimidation of potential witnesses; or
>
> (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial.

18 U.S.C. § 2705(b). *See, e.g.*, *In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014).

6. Accordingly, this application sets forth facts showing reasonable grounds to command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the Warrant for a period of one year

---

[1] 18 U.S.C. § 2703(b)(1)(A) provides that a "governmental entity may require a provider of remote computing service to disclose the contents of any wire or electronic communication . . . (A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure . . . by a court of competent jurisdiction."

(commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

## LEGAL BACKGROUND FOR SEALING

7.	In this matter, the Government also requests that the Warrant, this application, and the Order all be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the Warrant. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Warrant and related filings to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the Warrant. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).

## REQUEST FOR SEALING AND NONDISCLOSURE

8.	In this matter, the government requests that the Warrant be sealed until further order of the Court and that PROVIDER and its employees be directed not to notify any other person of the existence or content of the Warrant (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

9.	Such an order is appropriate because the Warrant relates to an ongoing criminal investigation that is neither public nor known to the subject(s) of the investigation. Accordingly, disclosure may reveal the existence, scope, and direction of the Government's ongoing and confidential investigation. Once alerted to this investigation, potential subject(s) could be immediately prompted to flee from prosecution, destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, attempt to influence or intimidate potential

witnesses, and otherwise take steps to undermine the investigation and avoid future prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential subject(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity. Notification could also result in the subjects avoiding travel to the United States or other countries from which they may be extradited.

10. Given the complex nature of the criminal activity under investigation and likely involvement of foreign-based coconspirators and evidence, and also given that the criminal scheme may be ongoing, the Government anticipates that this confidential investigation will continue for the next year or longer.

11. Therefore, based on the foregoing, there are reasonable grounds to believe that disclosure of the Warrant would result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, or other serious jeopardy to this investigation. *See* 18 U.S.C. § 2705(b)(2)-(5). Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the Warrant for a period of one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court. Should the court-ordered nondisclosure under Section 2705(b) become no longer needed because of the closure of the investigation or arrest of the account holder, the government will make best efforts to notify the Court promptly and seek appropriate relief.

12. For the reasons stated above, because of such potential jeopardy to the investigation, there also exists a compelling governmental interest in confidentiality to justify the sealing the Warrant, this application, and this Order. *See Robinson*, 935 F.2d at 287-89.

ACCORDINGLY, it is respectfully requested that the above-captioned warrant, the application and affidavit in support thereof, and all attachments thereto and other related materials (including this application) be placed under seal, and further that the Court grant the attached order directing that PROVIDER shall not notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence or contents of the Warrant for one year (commencing on the date of the proposed Order), unless the period of nondisclosure is later modified by the Court.

Respectfully submitted.

JOHN J. FARLEY
Acting United States Attorney

Date: October 29, 2021   By:   /s/ Anna Krasinski
Anna Krasinski
Assistant U.S. Attorney
Bar No: (WV) 12762
53 Pleasant Street, 4th Floor
Concord, NH 03301
Anna.Krasinski@usdoj.gov